IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BYRON E. ADAMS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 18 C 8223 |
| ) | |
| BOBBIE FALKNER, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Byron E. Adams is imprisoned at the Illinois Department of Corrections and was formerly at Stateville Correctional Center. He has sued Bobbie Falkner, a correctional officer at Stateville, under 42 U.S.C. § 1983. Falkner has moved for summary judgment. The Court therefore recounts the facts in the light most favorable to Adams.

The lawsuit concerns events that took place in September 2018 while Adams was being transported from University of Illinois-Chicago Hospital to Stateville. Adams was in the back of the transport van, restrained with handcuffs and a waist chain, and he was seated directly behind where Falkner stood. Falkner knew that Adams was seated behind him. Several other officers—Beard, Backstrom, and Quarles—were also in the back of the van. Adams says that when Falkner leaned over to fasten another inmate's seatbelt, his rear end was in Adams's face. Officer Quarles yelled to Falkner, "[Y]ou have your butt in inmate Adams [sic] face." Adams says that Falkner then

stepped back, placed his rear end on Adams' right shoulder, and moved his rear end around for five seconds while holding Adams' right arm. (Adams later stated that it was actually his left shoulder and left arm.) Falkner then released Adams's arm, stood up, and said, "[H]ow did that feel?," which elicited laughter from the other officers. Adams then asked officer Quarles if Falkner was gay, to which Quarles replied yes. Upon arriving at the prison, Adams asked Falkner if he could speak with him about "what he did to [him] in the van." Falkner declined.

Adams filed a grievance, and he reported the incident through the Prison Rape Elimination Act (PREA) hotline. Adams also says he had a conversation with officer Backstrom in which Backstrom acknowledged the incident, volunteered to speak with Falkner about the incident, and said that "Officer Falkner play to (sic) much." After filing the grievance, Adams was interviewed by an internal affairs officer who refused to include Backstrom's statement in his report, saying that do so "would hurt [O]fficer [F]alkner." Eventually Adams received notice that the investigation resulted in a finding of "lack of evidence/conflicting statements." Adams alleges that as a result of the incident, he has experienced psychological distress.

**Discussion**

In connection with his summary judgment motion, Falkner served Adams with a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment" under Northern District of Illinois Local Rule 56.2. The Notice explained the requirements of Local Rule 56.1. Falkner argues that the Court should grant his motion for summary judgment because Adams failed to comply with Local Rule 56.1 despite receiving notice. The Seventh Circuit has recognized, however, that district judges have discretion to excuse

2

noncompliance with local rules. *Little v. Cox's Supermkts.*, 71 F.3d 637, 641 (7th Cir. 1995); *see also Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016) (court "was entitled to . . . [take] a more flexible approach" and to "construe *pro se* submissions leniently."). Though Adams did not comply with Local Rule 56.1, the Court will overlook the transgression and decide Falkner's motion on the merits, particularly in view of Adams's limited legal knowledge and his lack of access to the law library due to the pandemic-related lockdown at Stateville.

To succeed on a motion for summary judgment, the movant must show that "there is no genuine dispute as to any material fact" and that "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In addressing a summary judgment motion, a court views the facts in the light most favorable to the non-movant and draws reasonable inferences in that party's favor. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

Adams's claim arises under the Eighth Amendment's prohibition against cruel and unusual punishment. A plaintiff bringing a claim of this type must show that "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation" and that the prison official "acted with a sufficiently culpable state of mind." *Hudson v. McMillian*, 503 U.S. 1, 8 (1992) (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). Falkner challenges Adams's ability to satisfy both of these elements, but the Court will deal only with the first for reasons that will become apparent.

The "unnecessary and wanton infliction of pain" violates the Eighth Amendment's prohibition against cruel and unusual punishment, and "excessive physical force against a prisoner" can establish an Eighth Amendment violation even if no "significant injury is

3

evident." *Hudson*, 503 U.S. at 5, 9. At the other end of the spectrum, the Eighth Amendment does not extend to "de minimis uses of physical force" that are not "repugnant to the conscience of mankind," *id.* at 9-10, and not "every malevolent touch by a prison guard" gives rise to an Eighth Amendment claim, *id.* at 9.

The Seventh Circuit has held that "[u]nwanted touching of a [prisoner]'s private parts" with the intent to "humiliate the victim or gratify the assailant's sexual desires" may establish a constitutional violation, even if the force used is not significant. *Washington v. Hively*, 695 F.3d 641, 643 (7th Cir. 2012). And an Eighth Amendment does not require physical harm; psychological harm may suffice. *Beal v. Foster*, 803 F.3d 356, 357-58 (7th Cir. 2015). Consistent with these decisions, the Eighth Circuit has held that sexual assaults are not a "legitimate part of [a] prisoner's punishment" and that "substantial physical and emotional harm" resulting from such abuse can be compensable under the Eighth Amendment. *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998).

In *Washington*, the plaintiff alleged that during a pat down, the defendant correctional officer "spent five to seven seconds gratuitously fondling the plaintiff's [private parts] through the plaintiff's clothing." *Washington*, 685 F.3d at 642. Then, while conducting a strip search, the defendant "fondled [the plaintiff's] nude testicles for two or three seconds." *Id.* The plaintiff alleged that he suffered psychological harm as a result of the defendant's "gratuitous and offensive invasion of his private space." *Id.* The court held that on these facts, the district court erred in granting summary judgment to the defendant. *Id.* at 643. The court reasoned that sexual offenses are unlikely to be de minimis matters because they tend to "cause significant distress" as well as "lasting

4

psychological harm." *Id.* The court also indicated that if the defendant did not intend to humiliate the plaintiff or to "deriv[e] sexual pleasure" from the encounter but instead was "merely overzealous in conducting the pat down and strip search," there was no constitutional violation. *Id.*

By contrast, in *Rivera v. Schultz*, 56 F. App'x 500 (7th Cir. 2014), the plaintiff alleged that he suffered emotional distress as a result of the defendant correctional officer grabbing his pants at the knee, pulling them down, and exposing his underwear during an authorized pat down. *Id.* at 501. The officer also made a comment which "elicited laughter from the other guards who were present." *Id.* Within seconds, the officer asked the plaintiff to pull up his pants, and he complied. The Seventh Circuit affirmed the entry of summary judgment for the defendant, reasoning that no reasonable jury could find that the defendant conducted the pat down in a harassing manner to humiliate the plaintiff or to gratify his own sexual desires because the incident was brief and occurred during the course of a properly authorized pat-down, and the defendant complied when the plaintiff asked him to pull his pants back up. *Id.* at 501-02.

Two cases from other circuit have some factual similarity with the present case and are cited with approval in *Rivera v. Schultz*. *See Rivera*, 56 F. App'x at 502. In *Watison v. Carter*, 669 F.3d 1108 (9th Cir. 2012), the plaintiff contended that the defendant correctional officer sexually harassed him when he entered the plaintiff's cell while the plaintiff was on the toilet, rubbed his thigh against the plaintiff's thigh, smiled in a sexual manner, and then "left the cell laughing." *Id.* at 1112. The plaintiff alleged that he suffered humiliation as a result of the incident. The court held that the plaintiff's humiliation did not rise to the level of "severe psychological pain required to state an

5

Eighth Amendment claim."

In *Berryhill*, the Eighth Circuit made clear that sexual assaults are not a "legitimate part of [a] prisoner's punishment" and that "substantial physical and emotional harm" resulting from such abuse can be compensable under the Eighth Amendment. *Berryhill*, 137 F.3d at 1076. The court concluded, however, that the conduct alleged by the plaintiff did not meet this threshold. The plaintiff alleged that maintenance workers briefly touched his buttocks in order to embarrass him. He alleged that as a result, he suffered asthma attacks and emotional distress, as well as humiliation and paranoia. The court ruled that even when viewing the evidence in the light most favorable to the plaintiff, "[i]t would be a distortion. . . to characterize the conduct…as a sexual assault" because the incident only lasted a few seconds, "was not accompanied by any sexual comments or banter," and the plaintiff did not believe that the defendants were trying to rape him.

This case is similar to *Watison* and *Berryhill*; indeed, Falkner's alleged conduct, though inappropriate, was arguably less severe than the conduct the courts in those cases found insufficient to give rise to a viable Eighth Amendment claim. Specifically, the plaintiff in *Watison* was in a vulnerable state due to being alone in his cell and sitting on the toilet when the incident occurred, whereas Adams was in a transport van with other guards and inmates around him. And as in *Berryhill*, Falkner's conduct, despite its inappropriate nature, cannot fairly be characterized as a sexual assault of Adams. Falkner's actions may have been aimed to embarrass Adams, but they are not fairly viewed as unconstitutional physical contact.

In short, Falkner's act of placing his rear end on Adams' shoulder and moving it

6

around for a few seconds falls short of other cases in which courts have found that an unconstitutional touching or use of force occurred. Although Adams experienced an invasion of his private space, it is nothing like the fondling that the Seventh Circuit found sufficient in *Washington*. And the conduct experienced by Adams is less severe than what occurred in *Rivera*, in which the Seventh Circuit found no Eighth Amendment violation: unlike the plaintiff in *Rivera*, Adams was not himself exposed in any way during the incident. As in *Rivera*, the misconduct by Falkner was brief and was not preceded or followed by any other inappropriate physical conduct.

The Court concludes, for these reasons, that Falkner's actions amounted to the type of *de minimis* contact that no reasonable jury could find to violate the Eighth Amendment. Falkner is therefore entitled to summary judgment.

## Conclusion

For the reasons stated above, the Court grants defendant's motion for summary judgment [76] and directs the Clerk to enter judgment in favor of defendant and against plaintiff.

Date: June 30, 2021

_____
MATTHEW F. KENNELLY
United States District Judge